**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number *(if known)* _____   Chapter ___11___

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Loyalty Investment & Management, INC. |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 13-4350919 |

**4.   Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 2661 Cornith Road | |
| Olympia Fields, IL 60461 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Cook | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5.   Debtor's website** (URL)   _____

**6.   Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    Loyalty Investment & Management, INC.                                Case number (*if known*) _____

     Name

**7.**   **Describe debtor's business**   A. *Check one:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A)

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.

    ____

**8.**   **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11. *Check **all** that apply*:

    ☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐  A plan is being filed with this petition.

    ☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.**   **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

☐ No.

☒ Yes.

| | District | Northern District of Illinois | When | 10/25/23 | Case number | 23-14273 |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.**   **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| District | | When | | Case number, if known | |

Debtor    Loyalty Investment & Management, INC.                              Case number (if known) _____
        Name

**11.  Why is the case filed in this district?**    Check all that apply:

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

         Contact name  _____

         Phone         _____

---

**Statistical and administrative information**

**13.  Debtor's estimation of available funds**    Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15.  Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☒ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☒ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    Loyalty Investment & Management, INC.                    Case number (*if known*) _____
          Name

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature**
   **of authorized**
   **representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___April 4, 2025___
             MM / DD / YYYY

**X** /s/  Anthony A. Oyefeso                          Anthony A. Oyefeso
_____               _____
Signature of authorized representative of debtor      Printed name

Title __President_____

---

**18. Signature of attorney**     **X** /s/ Paul M. Bach                    Date __April 4, 2025___
                                  _____           MM / DD / YYYY
                                  Signature of attorney for debtor

                                  Paul M. Bach
                                  _____
                                  Printed name

                                  Bach Law Offices
                                  _____
                                  Firm name

                                  P.O. Box 1285
                                  Northbrook, IL 60065
                                  _____
                                  Number, Street, City, State & ZIP Code

                                  Contact phone _____   Email address __paul@bachoffices.com__

                                  IL
                                  _____
                                  Bar number and State

---

**Fill in this information to identify the case:**

Debtor name    Loyalty Investment & Management, INC.

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known)  _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐  Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    April 4, 2025              **X** /s/   Anthony A. Oyefeso
                                           Signature of individual signing on behalf of debtor

                                           Anthony A. Oyefeso
                                           Printed name

                                           President
                                           Position or relationship to debtor

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | Loyalty Investment & Management, INC. | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION | ☐ Check if this is an |
| Case number (if known): | | amended filing |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| City of Chicago 321 N. LaSalle St Chicago, IL 60602 | | | Disputed | | | $5,500.00 |
| Cole Consulting P.O. Box 8546 Chicago, IL 60680 | | | | | | $1,975.00 |
| Cook County Treasurer 118 N. Clark Chicago, IL 60602 | | 20909 Torrence AvenueLynwood, Illinois 60461 | Disputed | $400,000.00 | $160,000.00 | $240,000.00 |
| Irenic LLC C/O JEFFREY BLOCKSON 17640 JENNIFER DRIVE ORLAND PARK, IL 60467 Orland Park, IL 60467 | | 14734 Wabash, Dolton, Illinois 6041929-09-219-27 -0000 | Disputed | $100,000.00 | $40,000.00 | $60,000.00 |
| Sandrick Law Firm LLC 16475 Van Dam Road South Holland, IL 60473 | | | | | | $7,000.00 |
| Schmidt, Salzman & Moran, Ltd. C/O RA Theodore J. Schmidt 111 West Washington, Suite 1300 Chicago, IL 60602 | | | Disputed | | | $1,906.92 |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   Loyalty Investment & Management, INC.

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known)   _____

☐ Check if this is an
amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    **12/15**

**Summary of Assets**

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................................   $          325,000.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*...............................................................................................   $            4,100.00

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................................................   $          329,100.00

**Part 2:**   **Summary of Liabilities**

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................   $          570,000.00

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.............................................................   $                0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................   +$           16,381.92

4.   **Total liabilities** .....................................................................................................................
   Lines 2 + 3a + 3b                                                                        $          586,381.92

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name  Loyalty Investment & Management, INC.

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known)  _____

☐ Check if this is an
   amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
☒ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1.  Bank of America | Checking | | $4,000.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    | $4,000.00 |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

☒ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

☒ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

13. **Does the debtor own any investments?**

☒ No.  Go to Part 5.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | Loyalty Investment & Management, INC. | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

---

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☒ No.    Go to Part 6.
☐ Yes Fill in the information below.

---

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No.    Go to Part 7.
☐ Yes Fill in the information below.

---

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No.    Go to Part 8.
☐ Yes Fill in the information below.

---

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.    Go to Part 9.
☒ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors,<br>floating homes, personal watercraft, and fishing vessels | | | |
| 49. **Aircraft and accessories** | | | |
| 50. **Other machinery, fixtures, and equipment (excluding farm<br>machinery and equipment)**<br>Furniture | $0.00 | | $100.00 |

**51. Total of Part 8.**

Add lines 47 through 50.   Copy the total to line 87.

| $100.00 |
|---|

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No.    Go to Part 10.
☒ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor    Loyalty Investment & Management, INC.    Case number *(If known)* _____
_____
Name

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.    20909 Torrence Avenue Lynwood, Illinois 60461 | Fee Simple | $0.00 | | $160,000.00 |
| 55.2.    17487 Eastgate Drive County Club Hills, Illinois 60419 28-27-403-007-0000 | Fee Simple | $0.00 | | $125,000.00 |
| 55.3.    14734 Wabash, Dolton, Illinois 60419 29-09-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 | Fee Simple | $0.00 | | $40,000.00 |

56.    **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

| $325,000.00 |
|---|

57.    **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No.    Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☒ No.    Go to Part 12.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | Loyalty Investment & Management, INC. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $4,000.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $100.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ......................................................................> | | $325,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $4,100.00 | + 91b. $325,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $329,100.00 |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|

Debtor name __Loyalty Investment & Management, INC.__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**
☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☒ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** Cook County Treasurer<br><br>Creditor's Name<br><br>118 N. Clark<br>Chicago, IL 60602<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br>0000<br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | Describe debtor's property that is subject to a lien<br>20909 Torrence AvenueLynwood, Illinois 60461<br><br><br>**Describe the lien**<br><br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☒ Disputed | $400,000.00 | $160,000.00 |
| **2.2** Cook County Treasurer<br><br>Creditor's Name<br><br>118 N. Clark<br>Chicago, IL 60602<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br>0000<br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | Describe debtor's property that is subject to a lien<br>17487 Eastgate DriveCountry Club Hills, Illinois 6041928-27-403-007-0000<br><br>**Describe the lien**<br><br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☒ Disputed | $70,000.00 | $125,000.00 |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | Loyalty Investment & Management, INC. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 2.3 | Irenic LLC | | Describe debtor's property that is subject to a lien | $100,000.00 | $40,000.00 |
|---|---|---|---|---|---|

Creditor's Name

C/O JEFFREY BLOCKSON
17640 JENNIFER DRIVE
ORLAND PARK, IL 60467
Orland Park, IL 60467

Creditor's mailing address

14734 Wabash, Dolton, Illinois
6041929-09-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

**Describe the lien**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**
0000

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☒ Disputed

---

3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $570,000.00 |
|---|---|

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name   and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Cook County Clerk<br>118 N. Clark Street<br>Room 434<br>Chicago, IL 60602 | Line  2.1 | |
| Cook County Clerk<br>69 W. Washington, Suite 500??<br>Chicago, IL 60602 | Line  2.2 | |
| Cook County Clerk<br>118 N. Clark Street<br>Room 434<br>Chicago, IL 60602 | Line  2.3 | |
| Cook County States Attorney<br>50 West Washington Street<br>Chicago, IL 60601 | Line  2.1 | |
| Cook County States Attorney<br>50 West Washington Street<br>Chicago, IL 60601 | Line  2.3 | |
| Cook County State's Attorney | Line  2.2 | |
| Cook County Treasurer<br>118 N. Clark<br>Chicago, IL 60602 | Line  2.1 | |

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | Loyalty Investment & Management, INC. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

Cook County Treasurer
118 N. Clark
Chicago, IL 60602

Line   2.3

**Fill in this information to identify the case:**

Debtor name    Loyalty Investment & Management, INC.

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☒ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** | **Nonpriority creditor's name and mailing address**<br>City of Chicago<br>321 N. LaSalle St<br>Chicago, IL 60602 | $5,500.00 |
|  | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☒ Disputed |  |
|  | **Date(s) debt was incurred** _ |  |
|  | **Last 4 digits of account number** _    **Basis for the claim:** _<br>Is the claim subject to offset?  ☒ No   ☐ Yes |  |
| **3.2** | **Nonpriority creditor's name and mailing address**<br>Cole Consulting<br>P.O. Box 8546<br>Chicago, IL 60680 | $1,975.00 |
|  | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |  |
|  | **Date(s) debt was incurred** _ |  |
|  | **Last 4 digits of account number** _    **Basis for the claim:** _<br>Is the claim subject to offset?  ☒ No   ☐ Yes |  |
| **3.3** | **Nonpriority creditor's name and mailing address**<br>Sandrick Law Firm LLC<br>16475 Van Dam Road<br>South Holland, IL 60473 | $7,000.00 |
|  | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |  |
|  | **Date(s) debt was incurred** _ |  |
|  | **Last 4 digits of account number** _    **Basis for the claim:** _<br>Is the claim subject to offset?  ☒ No   ☐ Yes |  |
| **3.4** | **Nonpriority creditor's name and mailing address**<br>Schmidt, Salzman & Moran, Ltd.<br>C/O RA Theodore J. Schmidt<br>111 West Washington, Suite 1300<br>Chicago, IL 60602 | $1,906.92 |
|  | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☒ Disputed |  |
|  | **Date(s) debt was incurred** _ |  |
|  | **Last 4 digits of account number** _    **Basis for the claim:** _<br>Is the claim subject to offset?  ☒ No   ☐ Yes |  |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | Loyalty Investment & Management, INC. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $0.00 |
|---|---|---|---|

Toyota Motor Credit Corporation
C/O RA C T CORPORATION SYSTEM
208 SO LASALLE ST, SUITE 814

Chicago, IL 60604

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

## Part 3:   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | City of Chicago<br>C/O Susan Mendoza<br>121 N. State St, Room 107<br>Chicago, IL 60610 | Line  3.1<br><br>☐ Not listed. Explain ____ | _ |
| 4.2 | City of Chicago Finance<br>PO Box 88292<br>Chicago, IL 60680-1292 | Line  3.1<br><br>☐ Not listed. Explain ____ | _ |
| 4.3 | Markoff Law LLC<br>29 N. Wacker Drive Suite 1010<br>Chicago, IL 60606 | Line  3.5<br><br>☐ Not listed. Explain ____ | _ |

---

## Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5.   Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. | + $ | 16,381.92 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 16,381.92 |

**Fill in this information to identify the case:**

Debtor name      Loyalty Investment & Management, INC.

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
     ☒ No. Check this box and file this form with the debtor's other schedules.   There is nothing else to report on this form.
     ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*   *Property*
(Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1   State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.2   State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.3   State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.4   State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name ___Loyalty Investment & Management, INC.___

United States Bankruptcy Court for the: ___NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION___

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

**12/15**

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor** | | | *Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | | Street / City State Zip Code | | ☐ D ☐ E/F ☐ G |
| 2.2 | | Street / City State Zip Code | | ☐ D ☐ E/F ☐ G |
| 2.3 | | Street / City State Zip Code | | ☐ D ☐ E/F ☐ G |
| 2.4 | | Street / City State Zip Code | | ☐ D ☐ E/F ☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name    Loyalty Investment & Management, INC.

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:    Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date:<br>From 12/01/2025 to Filing Date | ☒ Operating a business<br>☐ Other _____ | $10,000.00 |
| For prior year:<br>From 01/01/2024 to 12/31/2024 | ☒ Operating a business<br>☐ Other _____ | $120,000.00 |
| For year before that:<br>From 01/01/2023 to 12/31/2023 | ☒ Operating a business<br>☐ Other _____ | $120,000.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None.

| Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Debtor   Loyalty Investment & Management, INC.                      Case number *(if known)*

listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
| --- | --- | --- | --- |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
| --- | --- | --- | --- |

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
| --- | --- | --- | --- |

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
| --- | --- | --- | --- |
| 7.1. Inrenic LLC vs. Loyalty Investment & Management, Inc. 24 COTD 1911 | Tax Deed | Circuit Court of Cook County, Illinois 50 West Randolph Street Chicago, IL 60601 | ☒ Pending ☐ On appeal ☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |

**Part 5:   Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

Debtor    Loyalty Investment & Management, INC.                                          Case number *(if known)*

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Dates of loss | Value of property lost |
|---|---|---|---|
| | | | |

## Part 6:    Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Bach Law Offices<br>P.O. Box 1285<br>Northbrook, IL 60065 | Attorney Fee | | $5,000.00 |
| | Email or website address<br>paul@bachoffices.com | | | |
| | Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

## Part 7:    Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

Debtor    Loyalty Investment & Management, INC.                Case number *(if known)* _____

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

## Part 9:    Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | |

## Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

## Part 12:    Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com                           Best Case Bankruptcy

| Debtor | Loyalty Investment & Management, INC. | Case number *(if known)* | |
|---|---|---|---|

medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.    James O. Baiye 619 N Longwood Ct, Glenwood, IL 60425 | |
| 26a.2.    Anthony Oyefeso 2661 Corinth Road Olympia Fields, IL 60461 | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☒ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | Loyalty Investment & Management, INC. | Case number *(if known)* |
|---|---|---|

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. | James O. Baiye<br>619 N Longwood Ct,<br>Glenwood, IL 60425 | |
| 26c.2. | Anthony Oyefeso<br>2661 Corinth Road<br>Olympia Fields, IL 60461 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| Name and address |
|---|

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Anthony Oyefeso | 2661 Corinth Road<br>Olympia Fields, IL 60461 | Shareholder, Officer and Director | 100 |

## 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☒ No
☐ Yes. Identify below.

## 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

## 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

## 32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☒ No
☐ Yes. Identify below.

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor   Loyalty Investment & Management, INC. | Case number (if known) |
|---|---|

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

| **Part 14:** | **Signature and Declaration** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    April 4, 2025

/s/   Anthony A. Oyefeso                              Anthony A. Oyefeso
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re    Loyalty Investment & Management, INC. _____    Case No. _____
                                                            Debtor(s)    Chapter    11 _____

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Anthony Oyefeso<br>2661 Cornith Road<br>Olympia Fields, IL 60461 | Common | 100% | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.


Date    April 4, 2025 _____    Signature    /s/  Anthony A. Oyefeso _____
                                                                       Anthony A. Oyefeso


*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   Loyalty Investment & Management, INC.                              Case No.

_____            Chapter   11
                                       Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐  **FLAT FEE**

For legal services, I have agreed to accept ...................................................   $   _____

Prior to the filing of this statement I have received .......................................   $   _____

Balance Due .........................................................................................   $   _____

☒  **RETAINER**

For legal services, I have agreed to accept and received a retainer of ..........................   $            5,000.00

The undersigned shall bill against the retainer at an hourly rate of ..............................   $             425.00
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.  The source of the compensation paid to me was:

☒  Debtor        ☐  Other (specify):

3.  The source of compensation to be paid to me is:

☒  Debtor        ☐  Other (specify):

4.  ☒  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
b.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

April 4, 2025                                                    /s/ Paul M. Bach
_____                                        Paul M. Bach
*Date*                                                          *Signature of Attorney*
                                                                Bach Law Offices
                                                                P.O. Box 1285
                                                                Northbrook, IL 60065
                                                                Fax:
                                                                paul@bachoffices.com
                                                                *Name of law firm*

---

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   Loyalty Investment & Management, INC.                          Case No.
                                          Debtor(s)          Chapter    11


## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)


Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Loyalty Investment & Management, INC.   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:


☒ None [*Check if applicable*]




April 4, 2025                                    /s/ Paul M. Bach
Date                                             Paul M. Bach
                                                 Signature of Attorney or Litigant
                                                 Counsel for   Loyalty Investment & Management, INC.
                                                 Bach Law Offices
                                                 P.O. Box 1285
                                                 Northbrook, IL 60065
                                                  Fax:
                                                 paul@bachoffices.com



## Chapter 11 Retainer Agreement

April 4, 2025

Mr. Anthony Oyefeso
**Loyalty Investment & Management, Inc.**
2661 Corinth Road
Olympia Fields, Illinois, 60461-1852

      Re:    *Chapter 11 Bankruptcy Representation*

Dear Mr. Oyefeso:

*Bach Law Offices, Inc.* ("We" or the "Firm") is honored that you have selected us to represent Loyalty Investment & Management, Inc. ("Client") as insolvency and bankruptcy counsel. Our objective is to provide high quality legal services to Loyalty Investment & Management, Inc. at a fair and reasonable cost. This letter ("Agreement") outlines the basis upon which we will provide legal services to Loyalty Investment & Management, Inc., and confirms our understanding with respect to payment of legal fees, costs and expenses incurred with such representation. We apologize for the formality of this agreement, but we believe that it is important for you to have a clear understanding of our policies regarding legal fees and costs from the beginning of our relationship. Moreover, many of the provisions of this letter are required or recommended by the Illinois State Bar and the Illinois Rules of Professional Responsibility.

**1.**     **Scope of Services; Client Duties**. Loyalty Investment & Management, Inc. is hiring us as attorneys to represent them as bankruptcy counsel. We will keep you informed of the progress of the case and will be available to you to answer any questions you might have. If at any time you determine that Loyalty Investment & Management, Inc. needs to file a Chapter 7 bankruptcy case instead of the Chapter 11 case, the parties will need to execute a new fee agreement setting forth the terms of such representation. If you elect to convert the Chapter 11 case to a Chapter 7 case, then we shall be under no duty to prepare and file the necessary court papers until the new fee agreement has been signed and the agreed upon fees paid.

**2.**     **Assumptions under this agreement**.
    a.    You have provided all requested information.
    b.    You have provided complete and accurate information.
    c.    Your circumstances, especially your current monthly income (as defined by the Bankruptcy Code) does not substantially change prior to the filing of the case.
    d.    You will provide all requested documents within 15 days of the date of this Agreement.


**3.** **Retainer**. For us to begin our representation, you agree to forward a retainer in the total amount $ _6,738.00_ . The total $ _6,738.00_ of the retainer is due prior to the Chapter 11 being filed. This retainer will be deposited in our attorney business account but we may use these funds, up to the full $ _6,738.00_ to pay our fees and costs, subject to Court approval of any fees or costs incurred after your case is filed.

Under the 2007 Illinois Supreme Court case of Dowling v. Chicago Options Assoc., Inc. we are required to make certain disclosures to you about the retainer you would be paying pursuant to the above paragraph. The retainer is called an "Advanced Payment" Retainer. The Advance Payment Retainer means that the payments made by Client to Attorney are present payment to us in exchange for our commitment to provide legal services to you in the future. The fees paid by the Client will be deposited in our business account and not in our trust account. This means that we own the fees immediately upon payment. If our representation of Client ends before the retainer is exhausted, the retainer is subject to refund to you pursuant to the Illinois Rule of Professional Conduct.

Any unused portion of the retainer at the conclusion of our representation will be refunded to Loyalty Investment & Management, Inc. or the party who advanced it.

**4.** **Legal Fees and Billing Practices**. Professional fees charged reflect a number of factors, including the number of attorney hours incurred, the relative experience of the attorney(s) performing the services, the difficulty of the matter, and the results obtained for the client. Our professional fees are determined by multiplying the actual number of hours incurred by the hourly billing rate. From time to time, our hourly billing rates will change. We will notify you of any changes in the firm's hourly rate structure. Our minimum billing unit is one-tenth of an hour, and services will be recorded and billed in tenths of an hour increments.

We will charge Loyalty Investment & Management, Inc. for all activities undertaken in providing legal services to Loyalty Investment & Management, Inc. under this Agreement, including but not limited to the following: conferences, including preparation and participation; preparation and review of correspondence, email and other documents; legal research and analysis; court and other appearances, including preparation and participation; and communications, including email, telephone, facsimile, in-person and other communications with you, other attorneys or persons involved with this matter, governmental agencies and any other party or person contact with whom is advisable for our representation. The legal personnel assigned to this matter may confer among themselves about the matter, as required. When they do confer, each will charge for the time expended. If more than one of our legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent only if it is necessary in our judgment to have two or more personnel at the meeting, hearing or proceeding. We charge for waiting and portal-to-portal travel time, both local and out of town.

Currently our hourly rates range from $125.00 per hour for paralegals/legal assistants to $425.00 for lawyers. Loyalty Investment & Management, Inc. agrees to pay our fees and costs based upon our then prevailing hourly rates and charges at the time the services are rendered.

2



You hereby authorize the secure destruction of your file seven years after it is closed, and agree that we shall have no liability for destroying any records, documents, or exhibits still in our possession at the end of five years. All future work for Loyalty Investment & Management, Inc. in other matters will be handled in accordance with this Agreement at our regular hourly rates unless otherwise agreed upon.

**5.     Costs and Other Charges**. We will incur various costs and expenses in the normal course of performing legal services under this Agreement. Costs and expenses commonly include filing and recordation fees, court reporters' fees, computer legal research, messenger and other delivery services, postage, parking and other local travel expenses, telecopying, photocopying and other reproduction costs. You agree to pay transportation, meals, lodging and all other costs of any necessary travel by our personnel. Loyalty Investment & Management, Inc. will be charged the hourly rates for the time we spend traveling, both local and out of town. Loyalty Investment & Management, Inc. also agrees to pay for charges such as expert witness fees, title insurance fees, consultant and investigator fees, and the like. Photocopying is currently billed at $0.05 per page, and motor travel at IRS standards. The Chapter 11 filing fee is $1,738.00, which will be paid as part of the initial retainer. The firm reserves the right to require that certain costs, such as travel expenses, expert witness fees and deposition transcripts, be paid in advance directly by the client, or be paid into escrow before such costs are incurred.

**6.     Billing Statements**. Once your case has been filed, we will file a motion in the Bankruptcy Court for approval of our fees for services based on time and expenses up until the date of filing the Motion. We will always send you a copy of this motion with a detailed itemization of all fees and costs incurred and the basis for the fees and costs.

Upon Court approval of these fees, we will send you an itemized statement indicating fees and costs incurred and their basis, any amounts applied from the retainer, and any current balance owed, as well as any deductions requested by the Court if any. This billing statement will list the professionals who worked on your matter for that billing period with their hourly billing rates.

Should you have any questions concerning any statement, we encourage you to discuss them with us prior to the Court date listed on the Motion for Fees so that we may have an opportunity to resolve any misunderstandings in a mutually agreeable manner.

Any fees or costs due after application of your retainer, as determined by the Court and after approval of a fee application and notice to you, must be paid promptly.

Payment of fees and costs shall be made upon receipt of orders approving fees (or, after confirmation of your plan, upon receipt of invoices therefore), with payment received in our office no later than 5 days after the date of the order or invoice.


**7.     Chapter 11 Filing.** The ultimate fees to be awarded the Firm for its representation of Loyalty Investment & Management, Inc. in the Chapter 11 case must be approved by the Bankruptcy Court. Interim applications for compensation and reimbursement of expenses will be filed by the Firm with the Bankruptcy Court to obtain authorization for further payment. Generally, interim applications are made on a quarterly basis, but may be submitted more often. Loyalty Investment & Management, Inc. agrees to pay any award of compensation upon the entry of a Court order authorizing such award.

Loyalty Investment & Management, Inc. agrees that you shall perform fully and conscientiously all the duties of a Debtor and Debtor-in-Possession under the Bankruptcy Code, and shall timely comply with all reasonable requests for information or reports by the U.S. Trustee, any Creditor's Committee, and the Firm. These duties may include, but are not limited to, gathering and reviewing all of the information necessary for filing a complete and accurate list of all assets, creditors, budget, a schedule of executory contracts and unexpired leases, the Statement of Financial Affairs, and the Statement of Current Income and Expenses. You acknowledge having received a Questionnaire assisting the Firm in completing such documents, and agrees to timely, completely, and accurately complete the Questionnaire.

If during the course of the bankruptcy you wish to sell, refinance or pledge as security real property or any of your other assets, you must let us know so that we can ask the Court for approval. If you do not do this, the property or asset may not be able to be legally transferred, refinanced or pledged, which can cause significant problems both with the transaction and with your bankruptcy case. You must provide us with a copy of the listing agreement and/or contract for sale of the property before such document is signed by you.

Some debts, such as student loans, domestic support obligations (alimony, child support arrearages, etc.) and certain taxes, may not be dischargeable in your case. Liens, such as security interests, homeowner's liens and mortgages, may not released upon your confirmation, and you may need to make arrangements for the payment of such debts or surrender the property securing them after the conclusion of your case. Post-petition/pre-foreclosure homeowner's and condominium association charges are not discharged. You have been advised to close or draw down any financial account at an entity to which you owe or may owe money.

You authorize us to obtain information about your assets, credit (including credit reports), taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information you provide to us. Such information may not be comprehensive or complete. It is obtained for background information and to aid our verification only. We will prepare your bankruptcy filings based upon information supplied by you. We will rely upon this information as being true, accurate, complete and correct. It is your responsibility to disclose your ownership or interest in and prior ownership or interest in all assets, regardless of value, and all debts and claims, regardless of amount. If a creditor is not listed, the debt to such creditor may not be discharged. If false, incorrect or incomplete information is included, or information is omitted, it can cause you additional effort and expense to remedy the error, may place the bankruptcy itself in jeopardy and could result in civil or criminal liability. It is vitally important that the information included in the bankruptcy schedules be complete and correct to avoid any problems. You will review all documents filed as part of your bankruptcy case,


and your signature on those documents signifies that you have read and understood them, and agree with their contents. In cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. We may disclose to both spouses any facts disclosed by either spouse.

You must preserve all records and documents related in any way to this matter, including all electronic documents and data.

After your case is filed, unless otherwise instructed by this office, you must pay all taxes incurred after the date of filing (and file all necessary tax returns), maintain any required insurance, file all required monthly reports, pay quarterly U.S. Trustee fees and any adequate protection payments, and make all payments called for under your plan, once confirmed. Failure to do so may result in dismissal or conversion of your bankruptcy or sale of your property.

If during the course of the bankruptcy you wish to sell, refinance or pledge as security real property or any of your other assets, you must let us know so that we can ask the Court for approval. If you do not do this, the property or asset may not be able to be legally transferred, refinanced or pledged, which can cause significant problems both with the transaction and with your bankruptcy case. You must provide us with a copy of the listing agreement and/or contract for sale of the property before such document is signed by you.

**8.      Discharge and Withdrawal.** You may discharge us at any time and we may withdraw from your representation after approval by the Court. Reasons for our withdrawal may include, but are not limited to, your breach of this Agreement, your failure to pay our bills as they become due, your refusal to cooperate with us or follow our advice on a material matter, or any fact or circumstance that would render our continuing representation of you unlawful, unethical or impracticable.

Upon cessation of our active involvement in any particular matter, even if we continue to represent you in other matters, we will have no duty to inform you of future developments, deadlines or changes in the law.

**9.      Disclaimer of Guarantee; Risks.** Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any matter that we are handling on your behalf. Our comments about the outcome of matters pertaining to you are expressions of opinion only. There are risks in filing for bankruptcy, including the possible liquidation or loss of property. You also understand that the bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions. In a Chapter 11 you cannot dismiss your case without prior Court approval, and the case can be converted to Chapter 7 without your approval. Since approval of a Chapter 11 plan requires the consent of creditors, no guarantees or representations are made as to whether such approval will or can be obtained.

**10.      Entire Agreement.** This letter contains all of the terms of the agreement between us applicable to our representation and may not be modified except by a written agreement signed by both of us. There are no promises, terms, conditions or obligations applicable to our representation hereunder, except as expressly set forth in this

5



Agreement, and the terms hereof supersede any previous oral or written agreements between us with respect to our representation hereunder.

**11.     Effective Date.** Please confirm that this letter accurately reflects our agreement, and that you understand and waive any potential conflicts of interest, by signing the duplicate copy of this Agreement and returning it to us along with your retainer amount stated above. The representation covered by this Agreement commences only upon the receipt by this office of such items.

If you have any questions concerning the provisions of this Agreement, please do not hesitate to call me. We look forward to the privilege of working with you.

Very truly yours,

*Paul M. Bach, Esq.*

UNDERSTOOD AND AGREED TO:

_____

_____

04/04/2025
*Date*

_____
*Date*

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re  Loyalty Investment & Management, INC.                   Case No.

                                     Debtor(s)           Chapter    11

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                   14

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    April 4, 2025                     /s/ Anthony A. Oyefeso

                                          Anthony A. Oyefeso/President
                                          Signer/Title

City of Chicago
321 N. LaSalle St
Chicago, IL 60602


City of Chicago
C/O Susan Mendoza
121 N. State St, Room 107
Chicago, IL 60610


City of Chicago Finance
PO Box 88292
Chicago, IL 60680-1292


Cole Consulting
P.O. Box 8546
Chicago, IL 60680


Cook County Clerk
118 N. Clark Street
Room 434
Chicago, IL 60602


Cook County Clerk
69 W. Washington, Suite 500??
Chicago, IL 60602


Cook County States Attorney
50 West Washington Street
Chicago, IL 60601


Cook County State's Attorney


Cook County Treasurer
118 N. Clark
Chicago, IL 60602


Irenic LLC
C/O JEFFREY BLOCKSON
17640 JENNIFER DRIVE ORLAND PARK, IL 604
Orland Park, IL 60467


Markoff Law LLC
29 N. Wacker Drive Suite 1010
Chicago, IL 60606


Sandrick Law Firm LLC
16475 Van Dam Road
South Holland, IL 60473


Schmidt, Salzman & Moran, Ltd.
C/O RA Theodore J. Schmidt
111 West Washington, Suite 1300
Chicago, IL 60602

Toyota Motor Credit Corporation
C/O RA C T CORPORATION SYSTEM
208 SO LASALLE ST, SUITE 814
Chicago, IL 60604

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   Loyalty Investment & Management, INC.

Debtor(s)

Case No.

Chapter   11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Loyalty Investment & Management, INC.   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☒ None [*Check if applicable*]

April 4, 2025

Date

/s/ Paul M. Bach

Paul M. Bach

Signature of Attorney or Litigant

Counsel for   Loyalty Investment & Management, INC.

Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065
 Fax:
paul@bachoffices.com